[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Cynthia Dickhoff, by writ, summons and complaint, dated January 8, 1999, commenced this action seeking, inter alia, the dissolution of her marriage to the defendant, John Dickhoff. The plaintiff filed an amended complaint on January 21, 1999, to which the defendant filed his answer and cross-complaint on January 22, 1999.
After a full trial, the court, by a preponderance of the credible, reliable, relevant and legally admissible evidence and the reasonable, rational, logical and lawful inferences to be drawn therefrom finds, determines, rules and awards as follows:
The plaintiff, whose birth name was Cynthia Erwood, and the defendant intermarried at Port Jefferson, New York on March 23, 1980. They have been married for over 20 years. The plaintiff has resided continuously in this state for at least 12 months preceding the date of this complaint. The parties have one minor child issue of their marriage, namely John Waylon Dickhoff, born March 30, 1983. The parties have one older son, Matthew Dickhoff, born February 4, 1981, who attained his majority on February 4, 1999. No other children have been born to the plaintiff since the date of the marriage. No governmental agency is contributing to the support of any party hereto. The marriage of the parties has broken down irretrievably.
In addition to other assets the plaintiff and the defendant are joint owners of real estate located at 72 Peria Drive, Rocky Hill, Connecticut. CT Page 6801
The plaintiff is 45 years old and the defendant is 44. The defendant graduated from Stoneybrook College where he earned his BA degree. The plaintiff has a paralegal certificate from Adelphi University, a Connecticut real estate brokers license and would have graduated from Central Connecticut State College in May of 1999, but dropped out of her final courses and did not graduate. In addition to her real estate license, the plaintiff had demonstrated quite capable office skills having worked in an insurance business before her marriage and during her marriage, from 1995 to 1997, in a business initiated by her husband called Claims Management Services, Inc. which processed class actions. The plaintiff, in the latter capacity, managed four employees, organized data for entry into a computer, dealt with clients and medical data and maintained payroll records.
Both parties are in good physical health with the plaintiff suffering from dental problems for the past 13 years.
The plaintiff has emotional problems which have been reflected in panic attacks and depression for which she is being treated by Dr. LaFrenier who has prescribed Prozac for her which she still takes.
At present, the plaintiff is not regularly employed and indicates no income except that derived from pendente lite orders.
The defendant, for the past eight years, has an average gross income of approximately $220,000.00 per year. His income for the year, 1999, is in the range of $289,000.00.
The court finds that the primary fault for the breakdown of the marriage lies with the defendant who has engaged in adulterous relationships on at least two occasions during the course of the marriage.
Based on the criteria enunciated in Conn. Gen. Stat. §§ 46b-81 and46b-82; the court orders and awards as follows:
The parties shall have joint custody of the minor child with primary residence with the plaintiff and with reasonable rights of visitation to the defendant.
The defendant shall pay to the plaintiff the sum of $350.00 per week as child support.
The defendant shall pay to the plaintiff a periodic alimony the sum of $1,200.00 per week until 10 years from the date of this judgment when the alimony shall be reduced to $500.00 per week. Said alimony shall be CT Page 6802 payable until the marriage of the plaintiff or the death of either party.
The defendant shall maintain medical insurance for the benefit of the minor child and shall maintain medical insurance for the benefit of the plaintiff and will pay any and all COBRA costs for the plaintiff for the allowable three year period.
The defendant shall maintain life insurance of not less than $200,000.00 with the plaintiff as irrevocable beneficiary.
The defendant shall transfer to the plaintiff all of his right, title and interest in the marital home at 72 Peria Drive, Rocky Hill, Connecticut. The plaintiff shall be responsible for expenses related to same and shall hold harmless the defendant from any liability therewith.
The Florida lots shall be placed on the market and sold with the net proceeds therefrom to be divided equally between the parties.
The plaintiff is to receive one-sixth of value of the warrants held by the husband upon his exercise of same.
The plaintiff is to retain her Resource Trust retirement account free and clear of any claims of the defendant.
The defendant is to retain his deferred compensation funds free and clear of any claims of the plaintiff.
The defendant shall transfer to the plaintiff one-half of his interests in the Peoples IRA account, the Apple Bank IRA account, the ABB Prism account, the ABB cash balance in the pension account, the ABB restoration account, the escrowed bonus checks, one in the amount of $9,290.00 and one in the amount of $12,993.96, and one-half of the Fleet Galaxy fund.
The parties shall remain custodians of the children's accounts in the same capacities as they presently hold and shall be responsible for same in the manner and with the duties established by applicable law. Any unwarranted withdrawals by either party shall be replaced.
The defendant shall transfer his interest in the Acura automobile to the plaintiff.
The plaintiff shall have ownership of all the personal property located at 72 Peria Drive except for the office furniture, equipment and files of CMSI which shall be the property of the defendant. He shall also have the 7' x 3' oriental hutch and the commercial treadmill. CT Page 6803
The parties shall have sole ownership of the other bank accounts standing in their names and shall be responsible for their debts as listed on their financial affidavits.
Any other assets held by the parties, if any, not distributed above shall remain the property of the party possessing same.
A decree may enter, dissolving the marriage and incorporating therein the above orders and awards of the court.
 DANIEL F. SPALLONE JUDGE TRIAL REFEREE